UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEYON NEAL,

       Petitioner,                         Civil No. 04-CV-40275-FL

v.                                    HONORABLE PAUL V. GADOLA
                                    UNITED STATES DISTRICT JUDGE

KENNETH McKEE,

       Respondent,

_____/

**<u>OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS</u>**

       Deyon Neal, ("petitioner"), presently confined at the Bellamy Creek Correctional

Facility in Ionia, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28

U.S.C. § 2254.  In his *pro se* application, petitioner challenges his conviction of assault with

intent to murder, M.C.L. § 750.83; felonious assault, M.C.L. §  750.82; and felony-firearm,

M.C.L. § 750.227b.  For the reasons stated below, the petition for writ of habeas corpus is

denied.

**I.**     **Background**

       Petitioner was convicted of the above offenses following a jury trial in the Wayne

County Circuit Court.  This Court recites verbatim the relevant facts regarding petitioner's

conviction from the Michigan Court of Appeals' opinion affirming his conviction, which are

presumed correct on habeas review. *See Monroe v. Smith,* 197 F. Supp. 2d 753, 758 (E.D.

Mich. 2001):

> This case arises from a shooting spree that took place in and near CJ's
> Lounge, on East Warren in Detroit, during the early morning hours of May 28,
> 2000.

Tony Carson testified that he was outside the bar in question when he noticed two men who were arguing come around a corner; the two men met briefly with a woman and another man near a car. Carson added that the back door of the car was open, "and then he opened the trunk." The man who had been with the woman at the car started walking in Carson's direction. According to Carson, when he turned and looked because he heard someone running, the person behind him said something about Carson being nosy and shot him in the face. Carson identified defendant as his assailant. Carson saw the shooter go into CJ's, then heard more gunshots. Asked what the man who shot him was wearing, Carson described a matching-red shirt and hat combination.

David Franklin testified that he was working security at CJ's on the night in question. Franklin recounted that he had frisked defendant three times that night, because the latter repeatedly left the club and returned, and added that "[w]hen he first came he had on ... a Gucci or Coogi shirt, sweater with a hat that match." Franklin testified that, while stationed "back in the corridor," outside the club, he heard gunshots, after which defendant came to him and pointed two guns at his head. Franklin dropped to his knees and prayed in response, after which he heard more gunshots. According to Franklin, on this occasion defendant was dressed in a cap, blue jeans, and a dark blue sweater, adding "he changed his clothes."

Toi Reid testified that her husband, Willie Reid, was killed in her presence that night. Reid recounted that she, her husband, and other relatives were having a "cabaret" party at CJ's with David Franklin providing security at the door. According to Reid, she was outside the club when she heard a gunshot, shortly after which defendant walked past her with a gun and ran into the club. Reid followed defendant into the club out of fear for her husband, but when she got to the door defendant "was blowing my husband['s] brains out."

Defendant was charged with first-degree murder in connection with Willie Reid, assault with intent to commit murder in connection with Tony Carson, and felonious assault in connection with David Franklin, along with felony-firearm. The jury found defendant not guilty of murder, but guilty of the other charges.

*People v. Neal,* No. 233196, *1-2 (Mich. Ct. App. Nov. 22, 2002).

Petitioner's conviction was affirmed on appeal. *Id.* The Michigan Supreme Court remanded the matter to the Michigan Court of Appeals for reconsideration. *People v. Neal,* 469 Mich. 918; 678 N.W. 2d 104 (2003). On remand, the Michigan Court of Appeals

2

reaffirmed petitioner's conviction and sentence. *People v. Neal,* No. 233196, *1-2 (Mich.

Ct. App. Dec. 2, 2003).  Petitioner now seeks the issuance of a writ of habeas corpus on

the following grounds:

I.  Appellant Neal is entitled to be re-sentenced where the trial court departed from the statutory sentencing guidelines without compliance with the departure requirements in violation of due process of law.

II.  Appellant Deyon Neal must be re-sentenced where the trial court made an impermissible assumption that he was guilty of premeditated murder to justify the severe sentences imposed for [the] assault conviction in violation of due process of law.

III.  Appellant Deyon Neal was denied his constitutional right to effective assistance of counsel, therefore, he is entitled to a new trial and/or hearing pursuant to *People v. Ginther,* 390 Mich. 436 (1973).

IV.  Appellant Deyon [Neal] was denied a fair trial by the prosecutor's misconduct and violated his right to due process of law clause of both the federal and state constitutions.

V.  Appellant Deyon Neal was denied a fair trial where the trial court allowed the prosecutor under the guise of impeachment to place inadmissible hearsay evidence before the jury and where the prosecution used the impeachment evidence as substantive evidence in violation of due process of law.

VI.  The trial court's erroneous jury instruction deprived appellant Neal of his due process right to a properly instructed jury and a fair trial as guaranteed by both the federal and state constitutions.

VII.  The cumulative effect of the foregoing errors denied appellant Deyon Neal of a fair trial in violation of due process and requires reversal.

VIII.  There was insufficient evidence as a matter of law to support appellant Deyon Neal's conviction of assault with intent to murder in violation of due process of law.

## II.     Standard of Review

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the

3

> merits in State court proceedings unless the adjudication of the claim—
>
> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.  An "unreasonable application" occurs when the state court identifies the correct legal principle from a Supreme Court's decision but unreasonably applies that principle to the facts of the prisoner's case. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).  A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.

III.    **Discussion.**

    A.    **Claims # 1 and # 2.  The sentencing claims.**

In his first two claims, petitioner challenges the sentences imposed in this case.

This Court initially notes that petitioner's sentences of thirty to sixty years for the assault with intent to commit murder conviction, thirty two to forty eight months on the felony assault conviction, and the consecutive two year sentence for felony-firearm were

4

within the statutory limits for those offenses.  A sentence imposed within the statutory limits is not generally subject to habeas review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999).

Petitioner first claims that the state trial court improperly departed above the sentencing guidelines ranges for the two assault convictions without having objective or verifiable reasons for doing so.  The state trial court's allegedly improper interpretation of the state's sentencing guidelines is not a cognizable claim for federal habeas review. *See Whitfield v. Martin,* 157 F. Supp. 2d 758, 762 (E.D. Mich. 2001).  "[I]n short, petitioner had no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt,* 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004). Any error by the trial court in departing above petitioner's sentencing guidelines range would not merit habeas relief. *Id.*

In his second claim, petitioner alleges that in fashioning sentence, the trial court made an impermissible assumption that petitioner was guilty of first-degree murder, even though petitioner was acquitted of this charge.

As the Michigan Court of Appeals indicated in its opinion, there is no evidence that the trial court relied on the murder for which petitioner had been acquitted in fashioning his sentence, in light of the comments made by the trial court judge that he was not putting a lot of emphasis on the murder, because of the jury's verdict. *People v. Neal,* Slip. Op. at * 11.  In any event, a sentencing court may properly consider conduct of which a defendant has been acquitted, so long as the conduct has been proven by a preponderance of the evidence. *United States v. Watts*, 519 U.S. 148, 157 (1997); *Erdman v. Tessmer,* 69 F. Supp. 2d 955, 963 (E.D. Mich. 1999).  Because the evidence at trial

5

established by a preponderance of evidence that petitioner murdered Willie Reid, as well as the fact that petitioner's sentences were within the statutory maximum for these offenses, petitioner is not entitled to relief on his second claim.

**B.    Claim # 3.  The ineffective assistance of counsel claim.**

Petitioner next contends that he was deprived of the effective assistance of counsel.

To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test.  First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id.* Second, the defendant must show that such performance prejudiced his defense. *Id*.

Petitioner first contends that trial counsel was ineffective for failing to call an expert witness at trial to testify about the unreliability of eyewitness identification.

In this case, counsel's decision not to call an expert witness in the field of expert identification is a tactical one that fell within the range of reasonable choices. *See Brown v. Terhune,* 158 F. Supp. 2d 1050, 1071 (N.D. Cal. 2001).  Many federal courts have held that a defense attorney's cross-examination of eyewitnesses, as opposed to calling an expert, is a sufficient method of attempting to deal with the issues presented by eyewitness testimony. *See Madrigal v. Bagley,* 276 F. Supp. 2d 744, 791-92 (N.D. Ohio 2003)(collecting cases).  Petitioner admits that his counsel raised a misidentification defense at trial through the cross-examination of witnesses and in opening and closing

6

argument. Counsel was therefore not deficient in failing to call an expert in eyewitness identification. *Id.* Counsel's failure to obtain an expert on eyewitness identification also did not prejudice petitioner, because petitioner has failed to show that an expert's testimony would have been more persuasive than defense counsel's own argument that the in-court identification of petitioner was unreliable. *See Easter v. Fleming,* 132 Fed. Appx. 706, 708 (9th Cir. 2005). Finally, the trial court gave a lengthy instruction to the jury on the factors that they should use to evaluate identification testimony and advised the jury to examine the witness' identification testimony carefully. (Trial Tr., 12/14/2000, pp. 156-57). In light of the trial court's instruction, defense counsel's failure to call an expert on eyewitness identification was not ineffective. *See Switzer v. Hannigan*, 45 F. Supp. 2d 873, 878 (D. Kan. 1999).

Petitioner next contends that his counsel was ineffective for failing to file a pre-trial motion to suppress the witnesses' identifications, contending that the in-court identifications were tainted because none of the witnesses participated in a pre-trial lineup, identifying petitioner for the first time at his preliminary examination. Petitioner, however, acknowledges that defense counsel cross-examined the witnesses about the fact that they did not participate in a line-up and had identified petitioner the first time at the preliminary examination. The decision to attack the credibility of the witnesses' identification of petitioner through cross-examination, rather than to object to the in-court identification, was a reasonable trial strategy that defeats petitioner's ineffective assistance of counsel claim. *Monroe,* 197 F. Supp. 2d at 761.

Petitioner next argues that his counsel was ineffective for failing to request an evidentiary hearing in which to challenge the voluntariness of the statements that

7

prosecution witnesses Sadiyyah Moore and Alisha Alexander gave to the police. Both women claimed that the police had coerced them into making statements which incriminated petitioner. The women repudiated these statements at petitioner's trial.

Under both federal and Michigan law, a criminal defendant does not have any standing to challenge the voluntariness of a statement made by a witness to the police, because the privilege against self-incrimination of the Fifth and Fourteenth Amendments is personal in nature and does not extend to third parties called as witnesses at trial. *United States v. Nobles,* 422 U.S. 225, 234 (1975); *Berry v. Mintzes,* 529 F. Supp. 1067, 1075 (E.D. Mich. 1981); *People v. Arthur Jones*, 115 Mich. App 543, 548; 321 N.W. 2d 723 (1982), *aff'd* 419 Mich. 577 (1984). Because petitioner lacked standing to suppress these witnesses' statements, counsel was not ineffective in failing to file such a motion. *Cf. United States v. Johnson,* 466 F. 2d 1206, 1208 (8th Cir. 1972). Petitioner is not entitled to habeas relief on his third claim.

### C.   Claim # 4.  The prosecutorial misconduct claim.

Petitioner next claims that he was deprived of a fair trial by numerous instances of prosecutorial misconduct. Respondent contends that petitioner's claim is procedurally defaulted, because petitioner did not make any objection to the alleged misconduct at trial and the Michigan Court of Appeals relied on this failure to object in affirming petitioner's conviction.

When the state courts clearly and expressly rely on a valid state procedural bar, federal habeas review is also barred unless petitioner can demonstrate "cause" for the default and actual prejudice as a result of the alleged constitutional violation, or can demonstrate that failure to consider the claim will result in a "fundamental miscarriage of

8

justice." *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991).  If a petitioner fails to show cause for his procedural default, it is unnecessary for the court to reach the prejudice issue. *Smith v. Murray*, 477 U.S. 527, 533 (1986).  However, in an extraordinary case, where a constitutional error has probably resulted in the conviction of one who is actually innocent, a federal court may consider the constitutional claims presented even in the absence of a showing of cause for procedural default. *Murray v. Carrier*, 477 U.S. 478, 479-80 (1986).  However, to be credible, such a claim of innocence requires a petitioner to support the allegations of constitutional error with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995).  Actual innocence, which would permit collateral review of a procedurally defaulted claim, means factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998).

In this case, the Michigan Court of Appeals clearly indicated that by failing to object at trial, petitioner had not preserved his prosecutorial misconduct claims.  The fact that the Michigan Court of Appeals engaged in plain error review of petitioner's claim does not constitute a waiver of the state procedural default. *Hinkle v. Randle,* 271 F. 3d 239, 244 (6th Cir. 2001); *Seymour v. Walker,* 224 F. 3d 542, 557 (6th Cir. 2000); *Thomas v. Warren,* 398 F. Supp. 2d 850, 861 (E.D. Mich. 2005).  In addition, the mere fact that the Michigan Court of Appeals also discussed the merits of petitioner's claim does not mean that this claim was not procedurally defaulted.  A federal court need not reach the merits of a habeas petition where the last state court opinion clearly and expressly rested upon procedural default as an alternative ground, even though it also expressed views on the merits. *McBee v. Abramajtys*, 929 F. 2d 264, 267 (6th Cir. 1991); *Thomas,* 398 F. Supp. 2d at 861.  Petitioner's fourth claim is procedurally defaulted.

9

In the present case, petitioner has offered no reasons for his failure to object to the alleged prosecutorial misconduct. Because petitioner has not demonstrated any cause for his procedural default, it is unnecessary for this Court to reach the prejudice issue. *Smith*, 477 U.S. at 533; *Bell v. Smith*, 114 F. Supp. 2d 633, 638 (E.D. Mich. 2000). Additionally, petitioner has not submitted any new and credible evidence that he is actually innocent of the underlying offenses. Therefore, a miscarriage of justice will not occur as a result of the Court's decision not to adjudicate the merits of petitioner's fourth claim. *See Dixon v. White,* 366 F. Supp. 2d 528, 541 (E.D. Mich. 2005). Petitioner is not entitled to relief on his fourth claim.

### D.    Claim # 5.  The prior inconsistent statements claim.

Petitioner next contends that the prosecutor improperly used the prior inconsistent statements of Szadiyyah Moore and Alisha Alexander as substantive evidence of petitioner's guilt, rather than merely for impeachment evidence.

As an initial matter, the admission of these prior inconsistent statements did not violate the Sixth Amendment right of confrontation, because Moore and Alexander both testified at trial and were subject to cross-examination. An inquiry into the reliability of a hearsay statement is not required for Confrontation Clause purposes when the hearsay declarant is present at trial and subject to unrestricted cross-examination. *United States v. Owens,* 484 U.S. 554, 560 (1988). In this situation, "the traditional protections of the oath, cross-examination, and opportunity for the jury to observe the witness' demeanor satisfy the constitutional requirements." *Id.* Therefore, the introduction of a government witness' prior inconsistent statements does not violate a defendant's right to confrontation where the witness testifies at trial and the defendant is able to cross-examine him. *See*

10

*United States v. Valdez-Soto,* 31 F. 3d 1467, 1470 (9th Cir. 1994).

To the extent that the prosecutor violated Michigan law by using these prior inconsistent statements as substantive evidence, this would not provide a basis for habeas relief.  Violations of state law and procedure which do not infringe specific federal constitutional protections are not cognizable claims under Section 2254. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).  The use of a witness' prior inconsistent statement as substantive evidence, and not merely for impeachment purposes, is not an error of constitutional dimension. *See Isaac v. United States,* 431 F. 2d 11, 15 (9th Cir. 1970).  In addition, the use of Moore's and Alexander's prior inconsistent statements by the prosecutor as substantive evidence did not render petitioner's trial fundamentally unfair, in light of the trial court's instruction to the jury that the prior inconsistent statements could only be used for impeachment purposes and not to prove the truth of the matter asserted, (T. 12/14/2000, pp. 143-44), as well as the fact that there was considerable evidence against petitioner independent of these statements. *See Christopherson v. Boone,* 49 Fed. Appx. 257, 261-62 (10th Cir. 2002).  Petitioner is not entitled to habeas relief on his fifth claim.

### E.     Claim # 6.  The reasonable doubt instruction claim.

Petitioner next claims that the reasonable doubt instruction given by the trial court was defective.  In the present case, the trial court gave the jury Michigan's standard reasonable doubt instruction, CJI 2d 3.2, to the jury.  This instruction has been upheld as being constitutional. *See Binder v. Stegall*, 198 F. 3d 177, 178-79 (6th Cir. 1999); *See also Poremba v. Bock,* 92 Fed. Appx. 186, 188 (6th Cir. 2004); *Johnson v. Warren,* 344 F. Supp. 2d 1081, 1094 (E.D. Mich. 2004).  This claim is therefore without merit.

11

**F.      Claim # 7.  The cumulative errors claim.**

In his seventh claim, petitioner alleges that he was deprived of a fair trial because of cumulative error.  The Sixth Circuit has noted that the United States Supreme Court "has not held that distinct constitutional claims can be cumulated to grant habeas relief." *Lorraine v. Coyle,* 291 F. 3d 416, 447 (6th Cir. 2002).  Therefore, petitioner is not entitled to habeas relief on his cumulative errors claim. *Id.*

**G.      Claim # 8.  The sufficiency of evidence claim.**

Petitioner lastly contends that there was insufficient evidence to convict him of these crimes, claiming that there was insufficient evidence to establish his identity as the perpetrator in this case.

A habeas court reviews claims that the evidence at trial was insufficient for a conviction by asking whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Scott v. Mitchell*, 209 F. 3d 854, 885 (6th Cir. 2000) (citing to *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).  Because a claim of insufficiency of the evidence presents a mixed question of law and fact, this Court must determine whether the state court's application of the *Jackson* standard was reasonable. *Dell v. Straub*, 194 F. Supp. 2d 629, 647 (E.D. Mich. 2002).  The scope of review in a federal habeas proceeding to the sufficiency of evidence in a state criminal prosecution "is extremely limited and a habeas court must presume that the trier of fact resolved all conflicting inferences in the record in favor of the state and defer to that resolution." *Terry v. Bock,* 208 F. Supp. 2d 780, 794 (E.D. Mich. 2002).  Finally, a habeas court does not substitute its own judgment for that of the finder of fact. *See Alder v. Burt,* 240 F. Supp. 2d 651, 661

12

(E.D. Mich. 2003).

In the present case, petitioner claims that there was insufficient evidence to establish his identity as the perpetrator.  The weight to which eyewitness testimony is given at trial is a question of fact for the jury. *See Huber v. Schriver*, 140 F. Supp. 2d 265, 277 (E.D.N.Y. 2001).  In this case, both victims positively identified petitioner as being their assailant.  The eyewitness testimony, if believed, was sufficient to establish beyond a reasonable doubt that petitioner committed these offenses. *See Cameron v. Birkett,* 348 F. Supp. 2d 825, 839-840 (E.D. Mich. 2004).  The reliability of the witness identifications was for the jury to resolve. *Id.*  Petitioner is not entitled to habeas relief on his eighth claim.

## IV.    Order

Accordingly, **IT IS HEREBY ORDERED** that the petition for writ of habeas corpus is **DISMISSED WITH PREJUDICE** pursuant to Rule 4 of the Rules Governing § 2254 cases.

**IT IS FURTHER ORDERED** that if Petitioner desires to seek a certificate of appealability ("COA"), Petitioner may file a MOTION for a COA within **THIRTY (30) DAYS** of filing a Notice of Appeal and shall support this motion with an appropriate brief, both of which shall comply with the Local Rules of this Court. *See Castro v. United States,* 310 F. 3d 900, 903 (6th Cir. 2002)("*We do encourage petitioners as a matter of prudence to move for a COA at their earliest opportunity so that they can exercise their right to explain their argument for issuance of a COA.*")(emphasis added)). Respondent may file a response

with an appropriate brief, both of which shall comply with the Local Rules, within **TWENTY**

**(20) DAYS** of service of Petitioner's motion for a COA.


DATED:   ___March 29, 2006___          s/Paul V. Gadola_____
                                        HONORABLE PAUL V. GADOLA
                                        UNITED STATES DISTRICT COURT

14

Certificate of Service

I hereby certify that on  March 30, 2006  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
_____Brad H. Beaver_____, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: _____Deyon Neal_____.

s/Ruth A. Brissaud_____

Ruth A. Brissaud, Case Manager

(810) 341-7845

15