UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEYON NEAL,

    Petitioner,                                   Civil No. 04-CV-40275-FL
                                                    HONORABLE PAUL V. GADOLA
v.                                                     UNITED STATES DISTRICT JUDGE

KENNETH McKEE,

    Respondent,

_____/

## OPINION AND ORDER GRANTING PETITIONER A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS

On March 29, 2006, this Court issued an opinion and order denying a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. *Neal v. McKee,* 2006 WL 846747 (E.D. Mich. March 29, 2006). Petitioner has now filed a motion for a certificate of appealability regarding a portion of his third claim. For the reasons stated below, the motion for a certificate of appealability will be granted with respect to this claim. The Court will also grant petitioner leave to appeal *in forma pauperis.*

28 U.S.C. § 2253(c)(1)(A) and F.R.A.P. 22(b) state that an appeal from the district court's denial of a writ of habeas corpus may not be taken unless a certificate of appealability (COA) is issued either by a circuit court or district court judge. If an appeal is taken by an applicant for a writ of habeas corpus, the district court judge shall either issue a certificate of appealability or state the reasons why a certificate of appealability shall not issue. F.R.A.P. 22(b). A district court is to set forth in its order all of the issues that the petitioner raised in the habeas action and identify those issues, if any, that the district court is certifying for appeal. *In Re Certificates of Appealability*, 106

F. 3d 1306, 1307 (6th Cir. 1997).

In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.*

In order to obtain a certificate of appealability, a habeas petitioner need not show that his or her appeal will succeed. *Miller-El v. Cockrell,* 537 U.S. 322, 337 (2003). The Supreme Court's holding in *Slack v. McDaniel* "would mean very little if appellate review were denied because the prisoner did not convince a judge, or, for that matter, three judges, that he or she would prevail. It is consistent with § 2253 that a COA will issue in some instances where there is no certainty of ultimate relief." *Id.* A habeas petitioner is not required to prove, before obtaining a COA, that some jurists would grant the petition for habeas corpus. *Id.* at 338. "Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail". *Id.*

As part of petitioner's third claim, petitioner alleged that his counsel was ineffective for failing to request an evidentiary hearing in which to challenge the voluntariness of the statements that prosecution witnesses Sadiyyah Moore and Alisha Alexander gave to the police. Both women claimed that the police had coerced them into making statements which incriminated petitioner and

2

repudiated the statements at petitioner's trial.

The Court rejected petitioner's claim, noting that a criminal defendant does not have any standing to challenge the voluntariness of a statement made by a witness to the police, because the privilege against self-incrimination of the Fifth and Fourteenth Amendments is personal in nature and does not extend to third parties called as witnesses at trial. *United States v. Nobles,* 422 U.S. 225, 234 (1975); *Berry v. Mintzes,* 529 F. Supp. 1067, 1075 (E.D. Mich. 1981); *People v. Arthur Jones*, 115 Mich. App 543, 548; 321 N.W. 2d 723 (1982), *aff'd* 419 Mich. 577 (1984).  Because petitioner lacked standing to suppress these witnesses' statements, counsel was not ineffective in failing to file such a motion. *Cf. United States v. Johnson,* 466 F. 2d 1206, 1208 (8th Cir. 1972).

Although this Court believes that its decision was correct, it will grant petitioner a certificate of appealability regarding his claim that counsel was ineffective for failing to request an evidentiary hearing to challenge the voluntariness of the witnesses' statements for the following reason. Although a number of courts have held that a defendant cannot challenge the voluntariness of a third party witness' statements to the police, petitioner has pointed to a federal district court case in which habeas relief was granted based upon a state trial court's failure to conduct a hearing to determine the voluntariness of a third party witness' statement to police prior to admitting it at trial for impeachment purposes. *See Vargas v. Brown,* 512 F. Supp. 271 (D.R.I. 1981).  The court in *Vargas* based its decision on the case of *LaFrance v. Bohlinger,* 499 F. 2d 29 (1st Cir. 1974), in which the First Circuit reached the same conclusion.

On a request for a certificate of appealability, a constitutional claim is debatable if another circuit court has issued a conflicting ruling, even if the question is well settled in the applicable circuit to which the petitioner is seeking to appeal. *See Allen v. Ornoski,* 435 F. 3d 946, 951 (9th Cir.

2006). In this case, a certificate of appealability is warranted with respect to this portion of petitioner's third claim, in light of the fact that petitioner has identified conflicting case law that supports his position. *See United States v. Lewis,* 972 F. Supp. 550, 552 (D. Kan. 1997).

Because petitioner does not seek the issuance of a certificate of appealability for the remaining claims that he raised in his petition, petitioner has waived his right to obtain a certificate of appealability on these claims. *See Elzy v. United States*, 205 F. 3d 882, 886 (6th Cir. 2000)(defendant waived issue on appeal from the denial of his motion to vacate sentence by failing to mention it in his motion for a certificate of appealability).

Accordingly, the Court will grant petitioner a certificate of appealability with respect to the portion of his third claim regarding trial counsel's ineffectiveness for failing to request a pre-trial hearing to challenge the voluntariness of statements that prosecution witnesses Sadiyyah Moore and Alisha Alexander gave to the police. The Court will deny a certificate of appealability on the remaining claims.

The Court will also grant petitioner leave to appeal *in forma pauperis* (IFP). A court may grant IFP status if this Court finds that an appeal is being taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a); *Foster v. Ludwick*, 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002). Good faith requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Id.* Because this Court is granting a certificate of appealability, this Court will find that petitioner's appeal is being undertaken in good faith and will grant him leave to appeal *in forma pauperis*. *See Brown v. United States,* 187 F. Supp. 2d 887, 893 (E.D. Mich. 2002).

**ORDER**

**IT IS HEREBY ORDERED** that a certificate of appealability shall be issued with respect to the portion of petitioner's third claim regarding counsel's alleged ineffectiveness for failing to request a pre-trial hearing regarding the voluntariness of the prosecution witnesses's statements to police.

**IT IS FURTHER ORDERED** that leave to appeal *in forma pauperis* is **GRANTED.**

**SO ORDERED.**

Dated:   May 30, 2006                                         s/Paul V. Gadola
                                                              HONORABLE PAUL V. GADOLA
                                                              UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on    May 30, 2006   , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
                              Brad H. Beaver                                  , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:              Dayon Neal                        .

                                            s/Ruth A. Brissaud
                                            Ruth A. Brissaud, Case Manager
                                            (810) 341-7845